UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF WISCONSIN

---

WISCONSIN LABORERS HEALTH FUND,
WISCONSIN LABORERS PENSION FUND,
WISCONSIN LABORERS APPRENTICESHIP
AND TRAINING FUND and JOHN J. SCHMITT
(in his capacity as Trustee),

WISCONSIN LABORERS DISTRICT COUNCIL,

WISCONSIN LABORERS-EMPLOYERS
COOPERATION AND EDUCATION TRUST FUND,

            Plaintiffs,

   v.                                               **Case No.** 16-cv-196

C&C DRILLING, LLC and CAM DAHLKE,

            Defendants.

---

## COMPLAINT

---

**NOW COME** the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by Yingtao Ho, and as and for a cause of action against the Defendants, allege and show to the court the following:

### Jurisdiction and Venue

    1.      Jurisdiction of this Court upon C & C Drilling is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132) and section 301(a) of the Labor Management Relations Act of 1947 (hereinafter "LMRA"), as amended (29 U.S.C. § 185(a)), in that the Plaintiffs are aggrieved by the Defendant's violation of certain

collective bargaining agreements, trust plans and trust agreements, and Defendant's continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), the terms and provisions of the employee benefit plans, section 301 of the LMRA, and the common law of the State of Wisconsin.  Jurisdiction over Defendant Cam Dahlke is conferred by 29 U.S.C. §1367 and Wis. Stat. §943.20.

   2.  The Court similarly has supplemental jurisdiction over the Plaintiffs' suit to enforce a previous settlement agreement between the same parties, pursuant to 29 U.S.C. §1367 and the Wisconsin common law of contracts.

   3.  Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that some of the Plaintiff Funds are administered within this district with offices located in Dane County, Wisconsin.

**<u>Parties</u>**

   4.  Plaintiffs Wisconsin Laborers Health Fund, Wisconsin Laborers Pension Fund, and Wisconsin Laborers Apprenticeship and Training Fund are employee benefit plans within the meaning of ERISA §§ 3(1), (2), (3), and (37), 502, and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3), and (37), 1132, and 1145), and bring this action on behalf of the trustees, participants, and beneficiaries of said Plans.  Said Plans maintain offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin 53532-2514.

   5.  Plaintiff John J. Schmitt is a trustee and beneficiary of the Wisconsin Laborers Health Fund and as such, has standing to be a plaintiff in this action.  Mr. Schmitt maintains an office at 4633 LIUNA Way, Suite 101, DeForest, Wisconsin 53532-2514.

6. Plaintiff Wisconsin Laborers District Council (hereinafter the "Union") is a labor organization within the meaning of 29 U.S.C. § 158, et seq., and brings this action on behalf of the participants and members of the organization for whom it collects working dues. Said labor organization maintains offices at 4633 LIUNA Way, Suite 101, DeForest, Wisconsin 53532-2514.

7. Plaintiff Wisconsin Laborers-Employers Cooperation and Education Trust Fund ("LECET Fund") is an employee benefit plan governed by a board of trustees consisting of union and labor employee appointees as provided by LMRA § 302(c)(5), whose purpose is to address areas of common concern to labor and management in the construction industry, including but not limited to labor standards issues such as OSHA and prevailing wage laws. Said Plan maintains offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin 53532-2514.

8. C&C Drilling, LLC is a domestic limited liability company organized under the laws of the State of Wisconsin, engaged in business, with principal offices located at W9273 County Road A, New Lisbon, Wisconsin 53950. Its registered agent for service of process is Cam Dahlke, W9273 County Road A, New Lisbon, Wisconsin 53950.

9. Upon information and belief, Cam Dahlke is an adult resident of the State of Wisconsin, with a residence located at W9273 County Road A, New Lisbon, Wisconsin 53950. Dahlke is the principal officer in charge of Defendant C & C Drilling.

## Facts

10. C & C Drilling, LLC Specialists is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§3(5), (11), (12), and (14) (29 U.S.C. §§1002(5), (11), (12), and (14)) and the LMRA (29 U.S.C. §151, et seq.).

11. C & C Drilling is party to one or more collective bargaining agreements with the Wisconsin Laborers District Council, which requires C & C Drilling to make contributions to the Plaintiff Funds for all hours worked by its employees covered by the agreement.

12. The collective bargaining agreement between C & C Drilling and the Wisconsin Laborers District Council also required C & C Drilling to check off and remit dues to the District Council for all hours worked by all employees covered by the agreement.

13. By execution of its collective bargaining agreements with the District Council, C & C Drilling also adopted the trust agreements and amendments thereof which establish and govern the Plaintiff Funds and are necessary for their administration; as well as any relevant actions and rules adopted by the Plaintiff Funds' trustees.

14. By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements, and the rules and regulations heretofore and hereafter adopted by the trustees of said trust funds, C & C Drilling has agreed to promptly submit contributions to the plaintiff funds for all work performed by covered employees, to keep track of the number of hours worked by all covered employees, and to provide documentation to the Funds concerning the number of hours of covered work performed by its employees both on a monthly basis, and upon request by the trustees.

15. By executing and/or adopting the same labor and trust agreements, C & C Drilling also assumed the obligation, in the event of a delinquency, to pay to the Plaintiff Funds liquidated damages and interest to be calculated at rates established by the trustees for the Plaintiff Funds, along with actual attorney fees, audit fees, court costs, and service fees, should legal action be necessary to obtain delinquent contributions, interest, and liquidated damages.

16. On or about June 12, 2014, C & C Drilling entered into a settlement agreement with the Plaintiffs, under which it admitted to owing the amount of $105,578.12 to the Plaintiffs.

17. Under the settlement agreement, C & C Drilling was required to make 24 payments of $3,385 each; and to pay the remaining unpaid portion of the admittedly owing $105,578.12, unless a waiver for the remainder was granted by the Board of Trustees of the Plaintiff Funds.

18. The settlement agreement further provided that if C & C Drilling failed to make any of the required payments under the settlement agreement, the Plaintiff Funds shall send a notice of default to C & C Drilling. In the event that C & C Drilling failed to cure the default within seven days of the date of the notice of default, then C & C Drilling is required by the settlement agreement to admit to owing the full amount of $105,578.12 to the Plaintiffs, plus the Plaintiffs attorneys fees and costs related to this matter, minus amounts already paid under the settlement agreement. C & C Drilling subsequently signed a confession to judgment for the same amount, which is attached to this complaint as exhibit 1.

19. The Plaintiff Funds subsequently discovered, pursuant to an audit conducted in 2015, that for the time period of April 1, 2014 through March 31, 2015 C & C Drilling owed additional contributions, interest, and liquidated damages of $35,053.26. 20. Included in the delinquency of $35,053.26 is $2,035.15 in dues that the Defendant Cam Dahlke had deducted from the paychecks of C & C Drilling employees as dues checkoffs; which Dahlke subsequently used for his own use or the use of C & C Drilling, rather than remit the payments to the Wisconsin Laborers District Council, as required by both one or more collective bargaining agreements.

21.     C & C Drilling remitted to the Plaintiff Funds nineteen payments of $3,385 each, as required by the settlement agreement.  Its twentieth payment to the Plaintiff Funds, however, was for the amount of $1,500, rather than the $3,385 required by the Settlement Agreement.

22.     On March 17, 2016, the Plaintiff Funds sent to C & C Drilling a notice of default for its submission of $1,500, rather than the required amount of $3,385, as the twentieth payment required by the Settlement Agreement.

23.     C & C Drilling failed to cure its default within seven days of the date of the March 17, 2016 default letter.  The Plaintiff Funds are therefore entitled to take judgment against C & C Drilling for the amount of $39,763.12, taking into account all payments that C & C Drilling has made under the settlement agreement, plus their attorneys fees and costs related to this matter.

## Claim One - Against Defendant C & C Drilling for
## Violation of ERISA §§502 and 515 (29 U.S.C. §§1132 and 1145)

24.     As and for a first claim for relief against C & C Drilling, the Plaintiffs re-allege each and every allegation contained in paragraphs 1 through 23 above and incorporate the same as though fully set forth herein word for word.

25.     As a result of Defendant C & C Drilling's failure to remit contributions to the Plaintiff Funds for hours worked by its covered employees, the corpus of each of the Funds is reduced, the Funds' income is reduced, and their ability to pay benefits to qualified participants and beneficiaries is curtailed. The Defendant's failure to remit owed contributions to the Plaintiff Funds violates §515 of ERISA, thus entitling the Plaintiff Funds to bring an action pursuant to §502(g)(2) of ERISA to collect the unpaid contributions.

### Claim Two - Against Defendant C & C Drilling for
### Violation of LMRA §301 (29 U.S.C. §185)

26. As and for a second claim for relief against C & C Drilling, the Plaintiffs reallege each and every allegation contained in paragraphs 1 through 25 above and incorporate the same as though fully set forth herein word for word.

27. By failing to remit to the Plaintiff Funds contributions required by the collective bargaining agreement that it signed with the District Council, C & C Drilling has violated said collective bargaining agreement, in violation of 29 U.S.C. §185. The Plaintiff Funds, in their capacity as intended beneficiaries of the agreement, may bring suit to recover all damages owed to them as a result of C & C Drilling's violation of its obligations under the agreement, as well as pursuant to §185.

28. By failing to remit to the District Council dues deducted from the paychecks of its employees, as required by the collective bargaining agreement that it signed with the District Council, C & C Drilling has violated said collective bargaining agreement in violation of 29 U.S.C. §185. The District Council as signatory to the CBA is therefore entitled to bring suit to recover all damages owed to them as a result of the CBA violation.

29. Pursuant to the collective bargaining agreement and trust agreements, the Plaintiff Funds are entitled to recover against R & T Specialists, in addition to the owed contributions, interest and liquidated damages at rates established by the Plaintiff Funds' trustees.

### Claim Three- To Enforce Settlement Agreement
### Under Wisconsin Law

30. As for the third claim against C & C Drilling, the Plaintiffs reallege each and every allegation contained in paragraphs 1 through 29 above and incorporate the same as though

fully set forth herein word for word.

31.     By failing to remit to the Plaintiffs the full twentieth payment for $3,385 within seven days of date of the default notice sent by the Plaintiffs, C & C Drilling is in default of the settlement agreement that it signed with the Plaintiffs.

32.     Pursuant to the plain language of the settlement agreement, upon default of the settlement agreement C & C Drilling is required to admit to owing to the Plaintiffs a judgment for $105,578.12, plus their attorneys fees and costs related to this matter, minus amounts already collected under the settlement agreement.

33.     The Plaintiffs are therefore entitled to a judgment against C & C Drilling in the amount of $39,763.12, plus their attorneys fees and costs incurred in filing the lawsuits that led to the settlement agreement, in negotiating and administering the settlement agreement, and in filing and prosecuting this lawsuit to enforce the settlement agreement.

34.     Alternatively, the Plaintiffs have filed the confession to judgment signed by C & C Drilling with the Court, thus entitling them to a judgment in the amount of $39,763.12, plus their attorneys fees and costs as requested by paragraph 33 of this Complaint.

### Claim Four:   Against Cam Dahlke in his Personal Capacity.

35.     As for their fourth claim against C & C Drilling, their first against Cam Dahlke in his personal capacity, the Plaintiffs reallege each and every allegation contained in paragraphs 1 through 34 above and incorporate the same as though fully set forth herein word for word.

36.     By virtue of his position as the chief officer in charge of C & C Drilling, Cam Dahlke assumed control over dues deducted from the paychecks of the employees of C & C

Drilling.

37. Even though Dahlke knew that the collective bargaining agreement required him to remit the deducted dues to the District Council, Dahlke instead intentionally retained the deducted dues for use by himself or by C & C Drilling, without the consent of the Plaintiff Unions, and contrary to his authority under the collective bargaining agreement.

38. By virtue of his conduct Dahlke has engaged in civil theft against the Plaintiff Unions, so that the Plaintiff Unions are authorized to bring suit against Dahlke in his personal capacity; and to impose upon Dahlke treble damages for his civil theft.

39. Alternatively, Dahlke did not have authority to deduct dues from the paychecks of C & C Drilling employees without remitting the deducted dues to the Plaintiff Unions, so that he has taken property belonging to the Plaintiff Funds, and interfered with the Plaintiff Unions' lawful right to possess the deducted dues.

40. The Plaintiff Unions are therefore entitled to recover from Defendant Dahlke dues which had been deducted from the checks of C & C Drilling's employees, but has not been paid to the Plaintiff Unions.

WHEREFORE, the Plaintiff Funds and unions respectfully request the Court to enter an order that:

1. Awards to them a judgment in the amount of $74,816.38 against C & C Drilling;

2. Award to the Plaintiff Funds additional statutory interest for the time period subsequent to the commencement of this action;

3. Award to the Plaintiff Funds their actual attorneys fees, costs, audit fees,

and other expenses, which they incurred as a result of C & C Drilling's breach of its obligations pursuant to collective bargaining and trust agreements; or that were incurred related to the settlement agreement that C & C Drilling has breached;

4. Awards to the District Council and against Defendant Cam Dahlke in his personal capacity, a judgment in the amount of $8,140.60 for civil theft.

Dated this 29th day of March, 2016.

s/Yingtao Ho
Yingtao Ho
Attorney for Plaintiffs
The Previant Law Firm, S.C.
1555 North RiverCenter Drive, Suite 202
P.O. Box 12993
Milwaukee, WI 53212
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: yh@previant.com